# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Anuj Thapa,                                     Case No. 19-cv-2568 (TNL)

       Plaintiff,

v.                                              **ORDER**

St. Cloud Orthopedic Associates, Ltd.,

       Defendant.

Brandon E. Thompson and Rachel Louise Barrett, Ciresi Conlin LLP, 225 South Sixth Street, Suite 4600, Minneapolis, MN 55402 (for Plaintiff); and

Troy Booher, Zimmerman Booher, Felt Building, Suite 400, 341 South Main Street, Salt Lake City, UT 84111; Steven R. Schwegman, Michelle Draewell, and Chad A. Staul, Quinlivan & Hughes, PA, P.O. Box 1008, St. Cloud, MN 56302; John M. Bjorkman, Pat O'Neill, III, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101; and James F. Dunn, The Law Office of James F. Dunn, P.A., 860 Blue Gentian Road, Suite 180, Eagan, MN 55121 (for Defendant).

This matter comes before the Court on Plaintiff Anuj Thapa's Motion to Clarify the Court's October 26 Order, ECF No. 234 ("Motion to Clarify the Remittitur Order"). The Court's October 26 Order, ECF No. 233 ("Remittitur Order"), granted in part and denied in part Defendant's Motion for New Trial, or Alternatively, Remittitur, ECF No. 183. The Court ordered Defendant to respond to Plaintiff's Motion to Clarify the Remittitur Order, ECF No. 238. On November 17, 2023, Defendant filed a Memorandum Regarding Clarification of the Court's October 26 Order, ECF No. 239. For the reasons set forth below, Plaintiff's Motion to Clarify the Remittitur Order, ECF No. 234, is granted in part and denied in part as follows:

1

1. The Court grants Plaintiff's Motion to Clarify the Remittitur Order in part and clarifies that the omitted allocation of the $10 million remittitur amount is $3.5 million for past non-economic damages and $6.5 million for future non-economic damages.

The Court grants in part Plaintiff's Motion to Clarify the Remittitur Order for more time to decide whether to accept the remittitur and denies in part Plaintiff's request for 21 additional days from the date of this Order to make his decision. Plaintiff, instead, shall have until December 13, 2023 to make his decision.

2. The parties shall meet and confer in a good-faith effort to resolve the issues raised by Plaintiff's pending Fed. R. Civ. P. 59(e) Motion to Amend Judgment to Include Interest, ECF No. 187 ("Motion to Include Interest"). If Plaintiff chooses to remit and the parties can agree to the amount of pre-judgment and post-judgment interest, the parties shall submit a stipulation and proposed order to the Court no later than December 29, 2023. If Plaintiff chooses to remit but the parties cannot agree to the amount of pre-judgment and post-judgment interest, the parties shall each submit to the Court a memorandum of law outlining their respective positions, any affidavits and exhibits, and a proposed order no later than December 29, 2023.

3. The parties shall meet and confer in a good-faith effort to resolve the issues raised by Defendant's pending Motion for Determination of Collateral Sources, ECF No. 161 ("Motion Re Collateral Sources"). If the parties can agree to the amount of collateral source reductions or offsets pursuant to Minn. Stat. § 548.251, the parties shall submit a stipulation and proposed order to the Court no later than December 29, 2023. If the parties cannot agree, the parties shall each submit to the Court a memorandum of law outlining

their respective positions, any affidavits, exhibits, or other evidence of (1) amounts of collateral sources that have been paid for the benefit of Plaintiff or are otherwise available to Plaintiff as a result of losses except those for which a subrogation right has been asserted, and (2) amounts that have been paid, contributed, or forfeited by, or on behalf of, Plaintiff or members of his immediate family for the two-year period immediately before the accrual of the action to secure the right to a collateral source benefit that Plaintiff is receiving as a result of losses, and a proposed order no later than December 29, 2023.

4. Except as expressly provided in this Order, all other provisions of the Remittitur Order remain unchanged.

## I. BACKGROUND

The procedural history and factual background for this case are detailed in the Remittitur Order and other prior orders and are incorporated by reference as if restated herein. For purposes relevant to this Order, the Remittitur Order conditionally granted a new trial on the amount of total non-economic damages awarded by a jury and offered Plaintiff the option of remitting the award from $110 million of total non-economic damages to $10 million. The Court also set various deadlines for Plaintiff to decide on the remittitur amount and for the parties to meet and confer and decide on how to proceed with respect to two pending motions, the Motion to Include Interest and the Motion Re Collateral Source, *see* Remittitur Order at 31-32, which were held in abeyance and stayed at various points after the jury verdict at the request of the parties. *See generally* ECF Nos. 207, 209, 229, 231.

After the stay in this case was lifted at the parties' request and the Court issued the

3

Remittitur Order, Plaintiff filed its Motion to Clarify the Remittitur Order on November 8, 2023. Plaintiff asks the Court to clarify the Remittitur Order by specifying the amount of the $10 million remittitur that applies to past non-economic damages and to future non-economic damages. Pl.'s Mem. in Supp. of Mot. to Clarify the Court's Oct. 26 Order at 3, ECF No. 235. Plaintiff asserts that without knowing how much of the remittitur amount is for past non-economic damages, neither the parties nor the Court can calculate prejudgment interest. *Id.* at 2-3. Plaintiff further argues that clarification would permit him to make an informed decision on whether to accept the remittitur. *Id.* at 3. Plaintiff cites to Federal Rules of Civil Procedure ("Rule" or "Rules") 60(a) and 54(b) as separate bases on which the Court could clarify the Remittitur Order. *Id.* at 3-4. Lastly, Plaintiff asks the Court to extend the deadline for him to make his remittitur decision to 21 days after the date of this Order. *Id*. at 14.

Defendant submits that no allocation of the remittitur amount between past and future non-economic damages is necessary because the $10 million remittitur fully compensates Plaintiff for any and all non-economic damages, including any available prejudgment interest, which is a type of compensation under Minnesota law. Def.'s Mem. Regarding Clarification of the Court's Oct. 26 Order at 2, ECF No. 239. "Alternatively, if possible in this unique procedural posture, the Court has discretion to allocate the remittitur in any manner supported by adequate findings that are supported by the evidence." *Id.*

## II. ANALYSIS

Rule 60(a) provides in part that the "court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the

record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The Court inadvertently omitted in the Remittitur Order the allocation as to what portions of the $10 million remittitur amount are attributable to past and future non-economic damages.[1] This Order provides the omitted allocation.

Having presided over the trial and reviewed the trial transcripts, the parties' filings, the applicable law, and weighed all the evidence to decide remittitur, including for purposes of example and not limitation, Plaintiff's dozen surgeries, pain, emotional distress, embarrassment, and the relatively young age at which he suffered permanent disfigurement and disability, all of which are more fully set forth in the Remittitur Order and incorporated herein, the Court concludes that the omitted allocations are $3.5 million for past non-economic damages and $6.5 million for future non-economic damages. The Court further concludes that such allocations are the maximum amount of past and future non-economic damages that the jury could have reasonably awarded in this case.

Given that Plaintiff has known for some time the remittitur amount if not the omitted allocations, he should be in position to make his decision on remittitur within a shorter time period than his requested 21 days after the entry of this Order. The timelines related to the pending Motion to Include Interest and the Motion Re Collateral Source should also be adjusted accordingly.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

---

[1] Having found that Rule 60(a) permits the Court under the facts of this case to clarify the omitted allocation of the $10 million remittitur amount between past and future non-economic damages, the Court declines to address Rule 54.

**HEREBY ORDERED** that Plaintiff's Motion to Clarify the Remittitur Order, ECF No. 234, is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Court grants Plaintiff's Motion to Clarify the Remittitur Order in part and clarifies that the omitted allocation of the $10 million remittitur amount is $3.5 million for past non-economic damages and $6.5 million for future non-economic damages.

The Court grants in part Plaintiff's Motion to Clarify the Remittitur Order for more time to decide whether to accept the remittitur and denies in part Plaintiff's request for 21 additional days from the date of this Order to make his decision.  Plaintiff, instead, shall have until December 13, 2023 to make his decision.

2. The parties shall meet and confer in a good-faith effort to resolve the issues raised by Plaintiff's pending Motion to Include Interest.  If Plaintiff chooses to remit and the parties can agree to the amount of pre-judgment and post-judgment interest, the parties shall submit a stipulation and proposed order to the Court no later than December 29, 2023. If Plaintiff chooses to remit but the parties cannot agree to the amount of pre-judgment and post-judgment interest, the parties shall each submit to the Court a memorandum of law outlining their respective positions, any affidavits and exhibits, and a proposed order no later than December 29, 2023.

3. The parties shall meet and confer in a good-faith effort to resolve the issues raised by Defendant's pending Motion Re Collateral Sources.  If the parties can agree to the amount of collateral source reductions or offsets pursuant to Minn. Stat. § 548.251, the parties shall submit a stipulation and proposed order to the Court no later than December 29, 2023. If the parties cannot agree, the parties shall each submit to the Court a

6

memorandum of law outlining their respective positions, any affidavits, exhibits, or other evidence of (1) amounts of collateral sources that have been paid for the benefit of Plaintiff or are otherwise available to Plaintiff as a result of losses except those for which a subrogation right has been asserted, and (2) amounts that have been paid, contributed, or forfeited by, or on behalf of, Plaintiff or members of his immediate family for the two-year period immediately before the accrual of the action to secure the right to a collateral source benefit that Plaintiff is receiving as a result of losses, and a proposed order no later than December 29, 2023.

    4. Except as expressly provided in this Order, all other provisions of the Remittitur Order remain unchanged.

Dated: November 28, 2023

                                      *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *Thapa v. St. Cloud Orthopedic*
                                      *Associates, Ltd.*
                                      Case No. 19-cv-2568 (TNL)